Filed 1/21/26  P. v. Collins CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>NYTHELL RAY COLLINS,<br><br>    Defendant and Appellant. | A170301<br><br>(Contra Costa County<br> Super. Ct. No. 05000013508) |

Nythell Ray Collins appeals from a postconviction order denying his petition for resentencing under Penal Code[1] section 1172.75.  Collins contends he is entitled to a full resentencing because his judgment of conviction included a finding for a now-invalid one-year sentence enhancement for serving a prior prison term—section 667.5, subdivision (b) (section 667.5(b)).  He asserts the "best" reading of the "ambiguous" transcript of the original sentencing hearing is that the court "imposed" the now-invalid enhancement and struck only its punishment, thus, resentencing is required.  We disagree and conclude the court did not impose the enhancement within the meaning of section 1172.75, subdivision (a) and instead struck the enhancement in its entirety, therefore, a full resentencing

---

[1] Further undesignated statutory references are to the Penal Code.

1

is not required.[2] We correspondingly affirm the denial of Collins's petition for resentencing but, in view of the conceded error in the abstract of judgment, direct the issuance of an amended abstract that omits the enhancement consistent with the trial court's striking order.

## BACKGROUND

During an argument on the street in 1999, Collins fired multiple rounds from a nine-millimeter handgun; a number of which penetrated a nearby house and killed its occupant with a single gunshot wound to the chest.[3] In 2002, a jury convicted Collins of second degree murder (§ 187; count 1) and possession of a firearm by a felon (§ 12021, subd. (a)(1); count 2) and found true enhancements for personal use of a firearm and personal and intentional discharge of a firearm causing great bodily injury (§§ 187, 12022.5, subd. (a)(1); 12022.53, subds. (b), (c), (d)), a prior qualifying "strike" conviction (§§ 667, 1170.12), a prior serious felony conviction (§ 667, subd. (a)(1)), and a prior prison term (§ 667.5(b)).

---

[2] The question in this case was left open by the Supreme Court in *People v. Rhodius* (2025) 17 Cal.5th 1050, 1066, footnote 2 (*Rhodius*) and, as is discussed below, is factually distinguishable from the issue to be decided in *People v. Espino* (2024) 104 Cal.App.5th 188, 194 (*Espino*), review granted October 23, 2024, S286987, which hinges on the "imposition" of a stricken prison prior enhancement's punishment. Pending briefing before the Supreme Court is limited to the following issue: "Is a defendant entitled to resentencing under Penal Code section 1172.75 when the judgment in the defendant's criminal case includes a prior-prison-term enhancement that was imposed but for which punishment was stricken?" (*Espino*, S286987, Supreme Ct. Mins., July 30, 2025.)

[3] We take these facts from our opinion in Collins's direct appeal (*People v. Collins* (June 3, 2004, A099989) [nonpub. opn.] (*Collins I*)), of which we take judicial notice. (*People v. Vizcarra* (2015) 236 Cal.App.4th 422, 426, fn. 1.)

On June 28, 2002, the trial court "sentenced Collins to 30 years to life on the second degree murder conviction[] and imposed a consecutive sentence of 25 years to life on the section 12022.53, subdivision (d) enhancement. The court imposed a four-year term for the conviction of possession of a firearm, to run concurrently and a five-year sentence enhancement for the prior serious felony conviction, to run consecutively." (*Collins I*, *supra*, A099989.) As to the one-year prison prior enhancement, the sentencing court stated: "The court is likewise going to strike the 667.5(b) prison prior. So the net result is a sentence of 30 years to life on the charge, 25 years to life consecutive on the firearm enhancement." (*Ibid*.)

Despite the court's verbal order to strike the prison prior enhancement, the abstract of judgment issued on July 2, 2002, lists the section 667.5(b) enhancement with an "S," which, according to the form's direction, means "stayed" rather than "stricken."[4] Approximately one year later, on July 15, 2003, the abstract of judgment was amended to correct the allocated custody credits, but no change was made to the "S" listed with the prison prior enhancement.[5]

This court affirmed Collins's judgment of conviction for second degree murder in 2004 in *Collins I*.

---

[4] For enhancements "found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS," the form abstract of judgment directs: "List all enhancements horizontally. Enter time imposed for each or 'S' for stayed. DO NOT LIST enhancements stricken under PC 1385."

[5] No minute order, reporter's transcript, motion, or other document is included in the record on appeal that might explain what spurred the abstract's amendment, which included no changes other than the custody credit correction.

After the January 2019 enactment of section 1170.95,[6] Collins again appealed, this time from a postjudgment order summarily denying his 2019 petition for resentencing.  Collins argued, and the Attorney General agreed, "that because the court engaged in improper factfinding without conducting the evidentiary hearing required by section 1170.95, its ruling must be reversed . . . ." (*People v. Collins* (Sept. 24, 2021, A158256) [nonpub. opn.] (*Collins II*).)  We agreed and granted the requested relief, reversing the trial court's denial and remanding for resentencing with directions to issue an order to show cause and conduct an evidentiary hearing.  (*Ibid*.)  After said hearing, the trial court denied Collins's petition for resentencing under section 1170.95.[7] (*Collins II*, *supra*, A158256.)

Effective January 2022, the Legislature enacted section 1172.75, declaring with limited exception not relevant here, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 . . . is legally invalid."  (§ 1172.75, subd. (a).)  On December 11, 2023, Collins filed a motion for recall of his

---

[6] Former section 1170.95 provides in part:  "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . may file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply . . . ."  Former section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022.  (Stats. 2022, ch. 58, § 10.)

[7] On our own motion, we take judicial notice of the April 29, 2022, minute order, in which the trial court took the section 1170.95 petition under submission, as well as the trial court's June 16, 2022 order of denial.  (*People v. Vizcarra*, *supra*, 236 Cal.App.4th at p. 426, fn. 1.)  The court's June 16 denial is not at issue on appeal.

4

sentence and full resentencing, requesting the striking of his "legally invalid" one-year prison prior.

After a contested hearing held the following day, December 12, the hearing court denied Collins's request for a full resentencing under section 1172.75, pointing to the trial court's statement at the original sentencing that it was "going to strike the 667.5(b) prison prior."[8]  The hearing court explained that section 1172.75 "unambiguously state[s] that . . . [it applies to] any sentence enhancements imposed, pursuant to Section 667.5(b).  Where the enhancement was stricken, I read that as not being imposed.  And therefore, I do not believe the statute applies to Mr. Collins in this case."  The hearing court recognized the clerical errors denoting "S" for stayed rather than stricken in the 2002 and 2003 abstracts of judgment but did not find those errors triggered a resentencing because "the judicial statement in the transcript is quite clear. . . .  In this case, I can't pretend that the judge wasn't crystal clear that the enhancement was stricken."[9]

Collins timely appealed.[10]

---

[8] The court that heard the petition for resentencing (Hon. Julia Campins) was not the same as the court that presided over the trial and original sentencing (Hon. Richard E. Arnason, deceased).

[9] In March 2024, Collins filed a motion for judicial recall of his sentence in the interest of justice per section 1172.1 because of changes in sentencing laws.  However, at the related hearing, the court referred back to its December 2023 ruling finding Collins ineligible for resentencing under section 1172.75 and declined to reach Collins's arguments under section 1172.1.  On appeal, despite the language used in the initial notice of appeal referenced below, Collins does not challenge this aspect of the court's orders, thus, we do not discuss them further.

[10] Collins's initial notice of appeal stated he was appealing the "Denial of Penal Code 1172.1 resentencing (pursuant to AB 600)," and listed the March 2024 order as the basis for the appeal.  Collins later moved this court to "Deem the Notice of Appeal as Timely Filed as to Denial of Penal Code

5

## DISCUSSION

The success of Collins's appeal rests on his current argument that the trial court did not strike the legally invalid enhancement in full, as the hearing court found, rather, it struck only the punishment; as a result, per *Espino*, section 1172.75 requires full resentencing. (*Espino*, *supra*, 104 Cal.App.5th at p. 194, review granted Oct. 23, 2024, S286987 [an enhancement is imposed within the meaning of section 1172.75, subdivision (a) "whenever a prison prior is included in a judgment, whether the prior is executed, stayed, or *punishment is struck*" (italics added)].) We disagree.

### I. Legal Framework

We review questions of law and statutory interpretation de novo. (See *People v. Mathis* (2025) 111 Cal.App.5th 359, 366, review granted Aug. 13, 2025, S291628.) However, in *Rhodius*, our Supreme Court recently clarified much of section 1172.75's statutory framework: "In Penal Code section 1172.75, the Legislature declared that, aside from enhancements imposed for sexually violent offenses, '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to' Penal Code section 667.5, subdivision (b) 'is legally invalid.' (Pen. Code, § 1172.75, subd. (a), added by Stats. 2021, ch. 728, § 3.) In the same provision, the Legislature established a mechanism for resentencing individuals 'currently serving a term for a judgment that

---

Section 1170.75 Petition" but cited the court's December 2023 order denying resentencing under section 1172.75. In granting Collins's unopposed motion, we mimicked Collins's erroneous title and deemed his notice of appeal "timely filed as to the denial of [the] Penal Code section 1170.75 petition." However, because the substance of the motion specifies the notice of appeal was intended to encompass "the order of December 12, 202[3], denying the resentencing petition under section 1172.75," we consider the appeal on that ground.

includes' such an enhancement.  (Pen. Code, § 1172.75, subd. (b).)"  (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)  Thus, "A defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing."  (*Id.* at p. 1055.)  But, a "Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).)

In *Rhodius*, after a jury found him guilty on multiple charges, but hung on possession for sale of a controlled substance, the defendant later pled guilty to possession for sale of a controlled substance and admitted certain enhancements in exchange for a stipulated sentence.  (*Rhodius*, *supra*, 17 Cal.5th at pp. 1055–1056.)  At sentencing, the trial court imposed one year for each prior prison term enhancement " 'pursuant to the agreement with the [district attorney]' " but " 'stayed [them] permanently pursuant to [section] 1385.' "  (*Id.* at p. 1056.)

Explaining, "The effect of granting a stay was to prevent execution of the enhancement," the Supreme Court recognized that a stay " 'preserve[s] the possibility of imposition of the stayed portion should a reversal on appeal reduce the unstayed portion of the sentence.' "  (*Rhodius*, *supra*, 17 Cal.5th at p. 1056)  As such, the court saw "no persuasive reason to think that the Legislature intended implicitly to distinguish between defendants whose enhancements were imposed and executed and those for whom an enhancement was imposed, but punishment was stayed" and therefore concluded "that section 1172.75[, subdivision] (a) applies to enhancements that were imposed as part of the defendant's original judgment, regardless of whether the enhancement was stayed or executed."  (*Id.* at pp. 1066, 1068.) Section 1172.75 therefore requires a full resentencing for these " 'legally

7

invalid' " enhancements that have been imposed but stayed. (*Rhodius*, at pp. 1054–1055.)

But *Rhodius* left undecided the question whether resentencing is triggered under section 1175.25 if a section 667.5(b) enhancement or its punishment is "stricken." "In this case, we resolve a conflict in the Courts of Appeal concerning prior-prison-term enhancements that were imposed and stayed. Other appellate cases have addressed the application of section 1172.75 where prior-prison-term enhancements were stricken and where the punishment for the enhancements was stricken. (See *Espino, supra*, 104 Cal.App.5th at pp. 196–198, review granted Oct. 23, 2024, S286987 [holding that § 1172.75[, subd.] (a) encompasses prior-prison-term enhancements for which punishment was stricken]; *People v. Tang* (2025) 109 Cal.App.5th 1003, 1010 [distinguishing *Espino* and holding that when an enhancement, not just its associated punishment, was stricken, it was not 'imposed' within the meaning of §1172.75[, subd.] (a)].) These issues are not before us here." (*Rhodius, supra*, 17 Cal.5th at p. 1066, fn. 2.)

Following the logic of *Rhodius*, because Collins's prison prior enhancement was not imposed but was stricken in full, it does not "preserve the possibility of imposition" of any associated punishment—unlike a stayed enhancement—thus, it does not require resentencing under section 1172.75.

## II. The Sentencing Transcript and Abstracts of Judgment

Collins argues on appeal that the trial court did not strike his section 667.5(b) enhancement in full, rather, it struck only the punishment, therefore we should follow the holding in *Espino*, which concluded that section 1172.75 requires resentencing "whenever a prison prior is included in a judgment, whether the prior is executed, stayed or *punishment is struck*." (*Espino, supra*, 104 Cal.App.5th at p. 194, italics added, review granted Oct. 23, 2024,

8

S286987.)  In support of this theory, Collins claims for the first time on appeal that the sentencing transcript relied on by the hearing court in 2023 and 2024 is "merely an excerpt" and "does not provide a sufficient basis to conclude that the section 667.5, subdivision (b), enhancement was stricken rather than just the punishment."  He further asserts that the inclusion of the section 667.5(b) enhancement in the 2002 and 2003 abstract of judgments creates an ambiguity that requires resentencing:  "the abstract of judgment should control."  We are not persuaded.

First, we address Collins's challenge to the adequacy of the sentencing transcript.  The People attached the sentencing transcript to their opposition to Collins's December 2023 motion for resentencing.  As Collins acknowledges, he "did not object" to the transcript provided to and relied on by the hearing court.  In fact, his counsel accepted the transcript, acknowledging the trial court "did indicate 'stricken' " and arguing only that the uncorrected "S" suggesting "stayed" in the abstracts of judgment "created an ambiguity," thus, counsel asked, "under lenity" that the court resentence Collins pursuant to section 1172.75.[11]

In response, the People disagreed, also citing the transcript, "And the sentencing transcript makes clear that what was ordered was that the enhancement was to be stricken."  As did the hearing court, basing its ruling explicitly on the transcript provided, "the judicial statement in the transcript is quite clear.  *If we didn't have that transcript,* I would agree with you on the rule of lenity.  But in this case, I can't pretend that the judge wasn't crystal clear that the enhancement was stricken."  (Italics added.)

---

[11] Collins has abandoned his "lenity" argument on appeal.  Thus, we do not discuss it further.

9

In failing to object to the sentencing transcript's completeness or otherwise at the time the submitted transcript was being relied on by the hearing court, Collins has forfeited his ability to challenge the same transcript on appeal. (*People v. Sperling* (2017) 12 Cal.App.5th 1094, 1101 [" ' "[T]he forfeiture rule ensures that the opposing party is given an opportunity to address the objection, and it prevents a party from engaging in gamesmanship by choosing not to object, awaiting the outcome, and then claiming error." [Citation.]' [Citation.] 'Had [appellant] timely and specifically objected below, the trial court presumably would have had an opportunity to correct, and could have corrected, any error.' "]; accord, *People v. Partida* (2005) 37 Cal.4th 428, 433–434.)

Second, we turn to Collins's argument that "when the record is not clear on whether an enhancement or the punishment has been stricken, the abstract of judgment should control." Without citing legal authority, Collins asserts that because trial courts are directed to transmit abstracts of judgment to the California Department of Corrections and Rehabilitation (CDCR) and not sentencing transcripts, "In cases where the now invalid enhancement is listed in the abstract of judgment, a defendant should be entitled to resentencing." This unfounded position is both inconsistent with the law and the reality of trial court operations alluded to by the hearing court.

It is axiomatic that the court's orders control and trump any potentially inconsistent administrative or clerical errors. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385 ["Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls"].) More specifically, "An abstract of judgment is not the judgment of conviction; it does not control if different

10

from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  As the hearing court explained, "So practically speaking, [abstracts of judgment] do not require judicial signatures.  They are -- and perhaps this is a problem, but they are . . . .  [¶] They are not -- they cannot override what the judge declared at sentencing.  It should have been amended properly the next year, but the judicial statement in the transcript is quite clear."  We therefore reject Collins's suggestion that we should consider the acknowledged errors in the 2002 and 2003 abstracts of judgment instead of the trial court's oral pronouncement at sentencing.

### III.  Section 1172.75 Does Not Require Resentencing Here

We next turn to Collins's argument that the trial court struck only the punishment for the section 667.5(b) prison prior enhancement rather than the entirety of the enhancement.  The court's words at sentencing were brief and explicit.  After pronouncing the sentence and ordering custody credits, the court stated, "The court is likewise going to strike the 667.5(b) prison prior.  So the net result is sentence of 30 years to life on the charge, 25 years to life consecutive on the firearm enhancement."

At the December 2023 resentencing hearing, all parties and the hearing court agreed that the clear meaning of the trial court's words were that the prison prior enhancement had been stricken in its entirety.  For example, before discussing the abstracts of judgment, Collins's counsel stated, "I know that in the sentencing transcript, the [trial court] did indicate 'stricken.' "  The People disagreed with defense counsel's suggestion that the abstracts of judgment created an ambiguity that required resentencing but said, to resolve the issue, "you would go back to the words of the sentencing judge, which . . . clearly indicated that the enhancement was stricken. . . .

11

The sentencing transcript makes clear that what was ordered was that the enhancement was to be stricken." Defense counsel again agreed with the clarity of the trial court transcript: "I would agree that that's the case, were the abstracts not -- were the abstract, single, not amended subsequently."

On appeal, Collins's position has shifted to follow the evolution of case law. Following *Espino*'s focus on enhancements that are "imposed" even if the associated punishment is stricken, Collins now contends the circumstances surrounding the trial court's utterance, "the court is likewise going to strike the 667.5(b) prison prior" suggests that the prison prior enhancement was in fact imposed and only the punishment was stricken; as such, he is entitled to a full resentencing. Arguably, Collins's failure to raise any distinction between striking the enhancement in full and striking only the punishment before the hearing court has forfeited his ability to raise the argument on appeal. (*People v. Fuiava* (2012) 53 Cal.4th 622, 655 ["A defendant ordinarily cannot obtain appellate relief based upon grounds that the trial court might have addressed had the defendant availed himself or herself of the opportunity to bring them to that court's attention"]; see *People v. Fruits* (2016) 247 Cal.App.4th 188, 208 ["a party cannot argue on appeal that the trial court erred in failing to conduct an analysis it was not asked to conduct"].)

However, because *Espino* and *Rhodius* were decided after the hearing and order that is the subject of this appeal, we exercise our discretion to consider Collins's current argument. (*People v. Denard* (2015) 242 Cal.App.4th 1012, 1020 ["an appellate court may exercise its discretion to review a claim affecting the substantial rights of the defendant despite forfeiture for failure to raise the issue below"]; *GreenLake Capital, LLC v. Bingo Investments, LLC* (2010) 185 Cal.App.4th 731, 739, fn. 6 [a reviewing

12

court is "more inclined to find an exception to the general rule of forfeiture when there has been a change in decisional law that affects the rights of the parties"].)  But we remain unpersuaded.

In *Espino*, the sentencing court "imposed a prison prior, but stated that it was 'striking that additional punishment.' " (*Espino, supra*, 104 Cal.App.5th at p. 194, review granted Oct. 23, 2024, S286987.)  Relying on the sentencing court's "imposition" of the enhancement, the Court of Appeal concluded that "section 1172.75 should be interpreted according to the ordinary meaning of the word 'impose' and therefore applies whenever a prison prior is included in a judgment, whether the prior is executed, stayed, or punishment is struck." (*Ibid*.)

But unlike the court in *Espino*, the sentencing court here did not "impose" the prison prior enhancement; the record clearly supports the hearing court's determination that the trial court struck the prison prior enhancement in full.  The trial court never uttered the word "impose" in the context of the prison prior enhancement but instead explicitly stated:  "The court is likewise going to strike the 667.5(b) prison prior."[12]  Indeed, the resulting sentence of "30 years to life on the charge, 25 years to life consecutive on the firearm enhancement" is consistent with the court's verbal order; it did not impose the prison prior enhancement or any associated time nor did it reference and strike any related punishment.  Moreover, as previously discussed, when faced with this record at the December 2023

---

[12] By contrast, the court did "impose" a separate firearm use enhancement:  "You likewise were found by the jury to have suffered the enhancements under [section] 12022.53 (b), (c), and (d).  And as we all know, the Legislature has spoken rather directly on it, that the court is duty bound to *impose* the most serious enhancement.  And that, of course, will be under subsection (d), and that is 25 years to life."  (Italics added.)

resentencing hearing, the parties agreed that the sentencing court had stricken the entirety of the prison prior enhancement.

We are also not persuaded by Collins's citation to *People v. Christianson* (2023) 97 Cal.App.5th 300 (*Christianson*), review dismissed August 20, 2025, S283189 (requiring resentencing when a prior prison term is imposed but stayed) and *People v. Garner* (2016) 244 Cal.App.4th 1113, 1115 (*Garner*) (considering previously stricken prison prior enhancements at a resentencing under Proposition 36, the Three Strikes Reform Act of 2012).

*Christianson*, which was addressed by *Rhodius*, emphasized the difference between stayed and stricken enhancements: "a punishment is stayed*, as opposed to stricken*, [because] the trial court retains the ability to lift the stay and impose the term under certain circumstances, such as if an alternately imposed term is invalidated." (*Christianson, supra*, 97 Cal.App.5th at p. 312, italics added; see *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276–1279 (*Saldana*), review dism. Aug. 27, 2025, S283547 [distinguishing stricken from stayed enhancements in ordering a full resentencing for a stayed enhancement].)

And *Garner* is distinguishable because it involved the unrelated Three Strikes sentencing scheme prior to the enactment of section 1172.75, which now specifically prohibits any new sentence from exceeding the original sentence. (See § 1170, subd. (d)(7) ["The court shall have the discretion to resentence the defendant in the same manner as if the defendant had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence"].) Moreover, unlike the instant case, *Garner* concerned an enhancement for which only the punishment was stricken, not the enhancement itself. (*Garner, supra*, 244 Cal.App.4th at p. 1117; see also *People v. Flores* (2021) 63 Cal.App.5th 368, 383 ["If a judge

14

strikes the enhancement, it's as if the fact of the enhancement never existed—it will not remain on the defendant's criminal record nor will it affect them in any potential future sentencing. If, however, a judge strikes the punishment only, the fact of the enhancement *will* remain in the defendant's criminal record, but the enhancement cannot be used to 'add *any* punishment' in the current case"].)

As stated, in *Rhodius*, our Supreme Court recognized the distinction between stayed and stricken enhancements. (See *Rhodius*, *supra*, 17 Cal.5th at p. 1066.) Section 1172.75 further distinguishes between enhancements that have been "imposed." Where the sentencing court here did not impose the prison prior enhancement but instead ordered it stricken, we follow the reasoning of *Tang*: "It would be anomalous to conclude that an enhancement was both imposed by and stricken from the judgment." (*Tang*, *supra*, 109 Cal.App.5th at p. 1008; see *Saldana*, *supra*, 97 Cal.App.5th at p. 1278 [explaining relief from an invalid enhancement should be striking it at resentencing].) Because "the enhancement has already been stricken. It would make little sense to provide '*all* relief (full resentencing)' when no relief on the enhancement requiring full resentencing (striking the invalid enhancements) is necessary or possible." (*Tang*, at p. 1008.)

Because the language of section 1172.75 requires resentencing only when "the current judgment includes [a prison prior] enhancement" and because we conclude the prison prior enhancement here was never imposed and was stricken in its entirety, we need not address the question under review by the Supreme Court in *Espino* of whether an enhancement with only its punishment stricken was imposed within the meaning of 1172.75. (§ 1172.75, subd. (c).) We conclude section 1172.75 does not require a full

15

resentencing here; Collins's petition for resentencing was appropriately denied.

## IV. Administrative Error

Finally, although the parties disagree as to whether the trial court struck the prison prior enhancement in full or only its punishment, they agree that listing the enhancement in the abstract of judgment with an "S" for "stayed" when the court had ordered it stricken in some form was an administrative error.

Appellate courts may exercise their authority to correct clerical errors, including correcting an abstract of judgment (*People v. Mitchell*, *supra*, 26 Cal.4th at p. 185) and may strike statements in the abstract to conform with the court's oral pronouncement. (*People v. Zackery*, *supra*, 147 Cal.App.4th at pp. 385, 388.)

Because the trial court explicitly stated, "The court is likewise going to strike the 667.5(b) prison prior," the enhancement should not have been listed in the abstract of judgment, and we have the authority to order the abstract's correction without requiring an accompanying resentencing. (See *People v. Mitchell*, *supra*, 26 Cal.4th at p. 185 ["Courts may correct clerical errors at any time, and appellate courts . . . have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts"].) We order that correction accordingly.

## DISPOSITION

The judgment is affirmed. We direct the trial court to issue an amended abstract of judgment omitting the section 667.5(b) enhancement in accordance with this opinion and to forward the amended abstract to the CDCR.

16

DESAUTELS, J.

We concur:


STEWART, P. J.


MILLER, J.


*People v. Collins* (A170301)